IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gregory Paul Damm, #25305-078, ) | |
| ) | Civil Action No. 6:18-cv-03167-JFA-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| H. Joyner, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to Title 28, U.S.C. § 2241, challenging a federal sentence imposed by the United States District Court for the Northern District of Texas (doc. 1). The petitioner paid the $5.00 filing fee (doc. 7). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

The petitioner is a federal inmate at Federal Correctional Institution in Estill, South Carolina (doc. 1 at 1). For the reasons set forth below, it is recommended that the petitioner's § 2241 petition be re-characterized as a 28 U.S.C. § 2255 habeas action and that this matter be transferred to the United States District Court for the Northern District of Texas.

## BACKGROUND

The petitioner alleges that he pleaded guilty for failing to register as a sex offender, and was sentenced on July 1, 2016, in the United States District Court for the Northern District of Texas, to 60 months imprisonment, followed by supervised release for five years with sex offender treatment, and payment of a special assessment of $100.00 (docs. 1 at 1; 1-2 at 26–27). The undersigned takes judicial notice of the petitioner's

criminal proceeding in the United States District Court for the Northern District of Texas.[1] *See United States v. Damm*, C/A No. 4:16-cr-00004-A-1 (N.D. Tex.). The petitioner contends that he appealed to the Fifth Circuit Court of Appeals, which, affirmed his conviction and sentence on August 9, 2017 (doc. 1 at 2–3). The petitioner alleges he then appealed to the United States Supreme Court, which denied certiorari on January 8, 2018 (doc. 1 at 3).

The petitioner alleges four grounds for relief here: (1) the commerce clause has been unconstitutionally incorporated into non-delegated laws because the failure to register has nothing to do with economic or regulated activity; (2) the judgment violates the 10th and 14th Amendments of the United States Constitution; (3) under SORNA the petitioner is not required to register as a sex-offender; and (4) the petitioner is being held in involuntary servitude and false imprisonment (doc. 1 at 6–8). The petitioner asks this court to have the supervised release, registration requirement, and sex offender treatment reversed and vacated and asks that it order his release immediately (doc. 1 at 8).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (*see* Rule 1(b) (applying these rules to habeas actions brought under 28 U.S.C. § 2241)); the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim

---

[1] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

on which the petitioner could prevail, it should do so.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

*The petitioner filed this action pursuant to 28 U.S.C. § 2241 (doc. 1).*  Because the petitioner is incarcerated in the District of South Carolina and he names the warden of FCI Estill (H. Joyner) as the respondent, his § 2241 petition is properly filed in this Court.  The petitioner indicated he is challenging how his sentence is being carried out, calculated, or credited by prison or parole authorities; however, he also indicated that he is challenging the validity of his conviction or sentence as imposed (doc. 1 at 2).  A review of the allegations in the petition, though, indicates that the petitioner is attacking the validity of his federal sentence.  As such, this type of claim should usually be brought under 28 U.S.C. § 2255(a), which states in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." (emphasis added)).

Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, C/A No. 9:08-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (citation omitted).  A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a).

The core issue, however, is whether the petitioner's claims are cognizable under § 2241.  "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*,

3

617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

> The savings clause states as follows:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, the petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.

The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d at 333 (citations omitted). Nonetheless, the court concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* The Fourth Circuit has set forth the following elements to determine whether § 2255 is "inadequate and ineffective to test the legality of a conviction":

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* 333–34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements

4

to file a successive § 2255 motion. *Chisholm v. Pettiford*, C/A No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

The petitioner alleges that he has not yet filed a motion under § 2255 because he has "three strikes, under 28 U.S.C. § 1915(g) . . . so [he is] not allowed to appeal by "In Forma Pauperis" (doc. 1 at 4–5). However, the *in forma pauperis* filing fee provisions of the Prison Litigation Reform Act – the statute under which the petitioner is considered as having "three strikes" – do not apply in habeas corpus actions. *Smith v. Angelone*, 111 F.3d 1126, 1129–31 (4th Cir. 1997). Accordingly, the *In re Jones* savings clause test is not satisfied.

Rather than dismiss this § 2241 action without prejudice, the undersigned finds it in the interest of justice to re-characterize this § 2241 habeas petition as a motion under § 2255 and transfer it to the sentencing court. A case may be transferred pursuant to 28 U.S.C. § 1631 if it is "in the interest of justice." *See Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011) (holding that instead of dismissing the § 2241 petition, the district court should have transferred it because petitioner's claims may be time barred if he had to file a new § 2255 motion in the sentencing court). Here, it is in the interest of justice to re-characterize this habeas petition and transfer it for several reasons: (1) the AEDPA one-year statue of limitations may be an issue;[2] the petitioner has not yet filed a § 2255 petition in the United States District Court for the Northern District of Texas; and, the relief sought by the petitioner is within the scope of § 2255.

If this action is re-characterized as a § 2255 action, the petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h). Accordingly, the petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he possesses. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *see also United States v. Castro*, 540 U.S. 375 (2003). **As explained on the last page of this**

---

[2] This Court makes no finding concerning the specific date of the one-year period of limitations applicable in the petitioner's case, after which a § 2255 petition may be time-barred.

5

**Report and Recommendation, the petitioner is given fourteen (14) days to file objections to this Report and Recommendation, and the petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he possesses, if he chooses to do so, within the same 14-day deadline**.

## RECOMMENDATION

Accordingly, it is recommended that, after providing the petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003), the district court re-characterize the above-captioned case as a motion pursuant to 28 U.S.C. § 2255 and transfer it to the United States District Court for the Northern District of Texas for all further proceedings.

Petitioner's attention is directed to the important notice on the next page.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

January 11, 2019
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).