IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gregory Paul Damm, #25305-078,<br><br>    Petitioner,<br><br>v.<br><br>H. Joyner,<br><br>    Respondent. | C/A No. 6:18-03167-JFA<br><br>**ORDER** |

## I. INTRODUCTION

Petitioner Gregory Paul Damm, #25305-078 ("Petitioner"), proceeding *pro se*, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging a federal sentence imposed by the United States District Court for the Northern District of Texas. (ECF No. 1). Petitioner is a federal inmate incarcerated at the Federal Correctional Institution in Estill, South Carolina. (ECF No. 1 at 1). After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that the Petition be recharacterized as a 28 U.S.C. § 2255 habeas action and that this matter be transferred to the United States District Court for the Northern District of Texas. (ECF No. 10 at 6). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court adopts them without recitation. (ECF No. 10).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The Report was filed by the Magistrate Judge on January 11, 2019 and Petitioner was advised of his right to file objections to that Report. (ECF No. 10 at 6-7). The Magistrate Judge required Petitioner to file objections to the Report by January 25, 2019. (ECF No. 10 at 6-7). Petitioner filed his response on February 4, 2019. (ECF No. 16). Even though the response was technically late, the Court accepts Petitioner's filing.

## II. LEGAL STANDARD

A district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object."

*Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding the petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that the plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

### III. DISCUSSION

The two issues under review are: 1) whether the § 2241 Petition should be recharacterized as a § 2251 petition, and 2) whether this matter should be transferred to the United States District Court for the Northern District of Texas. Here, the Report suggests this Court should do both. (ECF No. 10 at 6). Petitioner's response to the Report states "Petitioner has 'NO' Objections to R&R." (ECF No. 16). Further, and pursuant to instructions in the Report, Petitioner attached a § 2255 application and accompanying memorandum to his response (ECF No. 16-1) in order to amend his original Petition so as to recharacterize it as a § 2255 petition. (ECF No. 16). After

reviewing the Report, and with no specific objections from Petitioner, this Court agrees it would be in the best interest of justice to recharacterize the Petition as a § 2255 petition and to transfer this case to the sentencing court.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report. (ECF No. 10). Therefore, the Petition (ECF No. 1) is hereby recharacterized as a § 2255 habeas petition by incorporation of Petitioner's amended petition and memorandum (ECF No. 16-1), and the Clerk of Court is instructed to transfer this case to the United States District Court for the Northern District of Texas.

IT IS SO ORDERED.

June 21, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge